**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON L. APODACA, | No. 19-16765 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00083-DAD-JDP |
| v. | |
| S. SPEIDELL, B Complex Captain in Charge of Staff; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 5, 2020[**]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

California state prisoner Aaron L. Apodaca appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First, Eighth, and

Fourteenth Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Apodaca's action because Apodaca failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (a prison regulation impinging on First Amendment rights is valid if it is reasonably related to legitimate penological interests); *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974) (due process requirements for prison disciplinary proceedings); *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (elements of a free exercise claim); *Watison v. Carter*, 668 F.3d 1108, 1112-13 (9th Cir. 2012) (requirements for cruel and unusual punishment claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context).

We reject as unsupported by the record Apodaca's contentions that defendants punished him because of his disability and that the district court held him to a higher standard as a pro se plaintiff.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**